**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1174

KODJO ABALLO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 20, 2016        Decided: October 5, 2016

Before MOTZ, SHEDD, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Janette L. Allen, Senior Litigation Counsel, Jennifer A. Bowen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kodjo Aballo, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons set forth below, we deny the petition for review.

The Immigration and Naturalization Act ("INA") vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2012). An asylum applicant has the burden of proving that he satisfies the definition of a refugee to qualify for relief. Djadjou, 662 F.3d at 272. He may satisfy this burden by showing that he was subjected to past persecution or that he has a well-founded fear of persecution on account of a protected ground. See 8 C.F.R. § 208.13(b)(1) (2016). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution. Djadjou, 662 F.3d at 272.

2

If the applicant is unable to establish that he was the victim of past persecution, he must establish a well founded fear of future persecution. A well founded fear of persecution has a subjective and objective component. Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010). The subjective component requires that the applicant show genuine fear of persecution. The objective component requires that the applicant show with specific and concrete facts that a reasonable person in like circumstances would fear persecution. Id.

An applicant faces a heightened burden of proof to qualify for withholding of removal to a particular country under the INA. Djadjou, 662 F.3d at 272. He must show a clear probability of persecution on account of a protected ground. Id. If he meets this heightened burden, withholding of removal is mandatory. However, if the applicant cannot demonstrate asylum eligibility, his application for withholding of removal will necessarily fail as well. Id.

To qualify for protection under the CAT, an applicant bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2016). To state a prima facie case for relief under the CAT, an applicant must show that he will be subjected to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the

3

consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2016); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 115-16 (4th Cir. 2007).

Because the Board "issued its own opinion without adopting the IJ's opinion . . . we review that opinion and not the opinion of the IJ." Martinez v. Holder, 740 F.3d 902, 908 (4th Cir. 2014). We will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. Djadjou, 662 F.3d at 273. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Id. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Id.

We review an adverse credibility determination for substantial evidence and give broad deference to the Board's credibility determination. However, the agency must provide specific, cogent reasons for making an adverse credibility determination. Djadjou, 662 F.3d at 273. "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony."

4

Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted). The existence of only a few such inconsistencies, omissions, or contradictions can support an adverse credibility determination as to the alien's entire testimony regarding past persecution. Djadjou, 662 F.3d at 273. Also, an inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. Id. at 274 n.1.

We conclude that the adverse credibility finding is supported by substantial evidence and confirms the conclusion that Aballo failed to show a nexus between his past persecution or fear of future persecution and a protected ground. Because Aballo failed to meet his burden of showing a nexus, he did not establish eligibility for asylum. Because Aballo did not meet his burden of proof for asylum relief, his application for withholding of removal also fails. Djadjou, 662 F.3d at 272. Also, we discern no error with the Board's finding that Aballo's return trips to Togo undermined his credibility. See Loho v. Mukasey, 531 F.3d 1016, 1018 (9th Cir. 2008) (noting that alien's testimony that she returned to her homeland undermines her testimony that she suffered past persecution or feared returning home).

We also conclude that the adverse credibility finding supports the decision that Aballo was not eligible for

5

protection under the CAT. There is no independent evidence showing that Aballo was ever tortured or that he faced a likelihood of torture. Insofar as Aballo claims that the Board erred by agreeing with the IJ that the Colonel's alleged persecution of Aballo was not part of his specific duties, the Board specifically did not resolve this issue in reaching a decision.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED